CLARA D. MORALES VELEZ
Apelante-Recurrida

v.

DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR
Apelada-Recurrente

Núm. KLRA-98-00690

San Juan, Puerto Rico, a 6 de mayo de 1999

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Aponte Jiménez y Giménez Muñoz

Alfonso de Cumpiano, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El Departamento de Asuntos del Consumidor (D.A.C.O.) nos solicitó revisión de la determinación de la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) que le ordenó ajustar el salario y puesto de la Sra. Clara D. Morales, a tenor con la clasificación de oficial administrativo, en lugar de la clasificación de orientadora en asuntos del consumidor. Planteó que la prueba desfilada en el caso sobre las funciones de la señora Morales no respalda la decisión de J.A.S.A.P.

Expedimos el auto de revisión en resolución de 25 de febrero de 1999. Con el beneficio de las posiciones de las partes, la transcripción de los testimonios relevantes y el expediente considerado por J.A.S.A.P. determinamos que procede revocar la resolución recurrida, en cuanto a lo planteado en el recurso.

## I

D.A.C.O. implantó el 1ro. de julio de 1995, como administrador individual, su primer Plan de Clasificación y Retribución para todos sus empleados. A tenor de éste el puesto de la señora Morales, quien presta servicios en la División de Querellas de la oficina regional de Arecibo, fue clasificado como orientadora en asuntos del consumidor, con el aumento de sueldo correspondiente conforme las normas adoptadas para la implantación del Plan. Previo al Plan, la señora Morales estaba clasificada como funcionaria ejecutiva II, con sueldo de $935.00 mensuales.

En procedimiento de apelación instado por la señora Morales ante D.A.C.O., se determinó correcta su clasificación pero se le concedió un paso por mérito, para un sueldo mensual de $1,101.00. No conforme, la señora Morales apeló ante J.A.S.A.P. Alegó que no se le reconocieron los aumentos de sueldos recibidos en los diecinueve (19) años que prestó servicios y que no fue correctamente clasificada.

Luego de considerar prueba testifical y documental, la oficial examinadora rindió su informe, el que fue acogido por J.A.S.A.P. Resolvió que la señora Morales no tenía razón en su reclamo de ajuste retributivo, pero falló a su favor su planteamiento de que no estaba correctamente clasificada. Ordenó a D.A.C.O. el cambio de clasificación a oficial administrativo I con los ajustes de salario a la fecha de implantación del Plan. El presente recurso se refiere a esta última determinación.

Examinemos si procedía el cambio de clasificación.

## II

En nuestra función revisora de las decisiones administrativas, nos corresponde evaluar si éstas están basadas en la prueba obrante en el expediente y si son conformes a derecho. Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175. Lo planteado en este recurso se refiere a lo primero, esto es, si la prueba sostiene la orden de clasificación.

Para llegar a la decisión cuestionada J.A.S.A.P. enumeró en la resolución recurrida las tareas de la señora Morales en su puesto previamente clasificado como funcionaria ejecutiva, describió la naturaleza y los aspectos distintivos del puesto de orientador en asuntos del consumidor y la naturaleza, aspectos distintivos y ejemplos de las funciones del puesto de oficial administrativo. Aludió al testimonio del Sr. Walter Méndez Ortiz, Jefe de la División de Querellas e Investigaciones de Arecibo y supervisor de la señora Morales, en cuanto a las tareas que ésta desempeña. J.A.S.A.P. determinó que una compañera de trabajo de la señora Morales, la Sra. Elba Rodríguez, fue clasificada bajo el nuevo Plan como orientadora en asuntos del consumidor, cuando estaba clasificada previamente como funcionaria ejecutiva I. Concluyó que la clasificación del puesto de la señora Morales como orientadora trajo como resultado que ambas empleadas quedaron clasificadas de forma similar, a pesar de que no hacían la misma labor, puesto que la señora Rodríguez no efectuaba tareas de naturaleza administrativa.

J.A.S.A.P. reconoció que generalmente corresponde al jefe de la agencia determinar las labores que se van a realizar y quién las realizará, pero que esa facultad no puede ser ilegal ni patentemente arbitraria. Reconoció también que la clasificación de puestos se efectúa sobre las bases de los deberes más importantes y de acuerdo a los que mayor tiempo consumen. Además, señaló que la clasificación de puestos es una de las áreas esenciales al principio de mérito en el servicio público.

J.A.S.A.P. encontró probado que la señora Morales realizaba trabajo de alguna complejidad y responsabilidad relacionado con servicios auxiliares y operacionales, bajo la supervisión directa de su jefe, que ejercía alguna iniciativa, que sus tareas y las de la señora Rodríguez no eran similares y que cumplía con todos los requisitos mínimos de la clase de oficial administrativo I. Por tanto, ordenó el cambio de clasificación.

La prueba que obra en el expediente refleja que la naturaleza, aspectos distintivos y los ejemplos de las tareas que desempeña el oficial administrativo I, son de alguna complejidad e iniciativa y consisten principalmente en funciones administrativas o de servicios auxiliares, aunque en los ejemplos de trabajo se incluye la atención y orientación a ciudadanos. Apéndice del recurso, págs. 40-44 y expediente original de J.A.S.A.P.

Por otra parte la naturaleza, aspectos distintivos y ejemplos de trabajo del orientador en asuntos del consumidor, son de moderada complejidad e iniciativa y consisten principalmente de orientación al público sobre los reglamentos y leyes que administra D.A.C.O. y de análisis de querellas, aunque en los ejemplos de trabajo se incluyen tareas administrativas, tales como preparación de informes. Apéndice del recurso, págs. 45-47 y expediente original de J.A.S.A.P.

Lo importante, a nuestro juicio, es determinar cuáles son las funciones principales de la señora Morales, conforme la prueba, puesto que en ambas clasificaciones existen ejemplos de orientación al público y de administración.

La prueba testifical, en lo que nos concierne, consistió en lo declarado por la señora Morales y el señor Méndez Ortiz. En síntesis, la señora Morales declaró que realiza las labores que se especifican en la OP-16 que sometió, sobre lo que no hay controversia y fue estipulado. T.E. págs. 7-8. Declaró, además, que realiza las funciones que se incluyen en un documento posterior, las que no se mencionaron en la OP-16. No pudo precisar cuándo se preparó o se sometió ese documento. Describió las tareas adicionales como las de asignar número a querellas y registrarlas, anotarlas, mantener tarjetero de querellas, recibir y rendir informes estadísticos de las querellas, recibir material, sellar y clasificar querellas, referir y enmendar querellas. T.E. págs. 17-21. En el contrainterrogatorio, señaló que dedica el 65% de su tiempo, la mayor parte, a orientar y atender al público. T.E. pág. 26. Además, prepara informes si se lo requieren, no coteja órdenes de viaje, no interviene con, ni revisa las resoluciones que salen de la División Legal, no coordina salida del personal. T.E. págs. 26-27. Indicó que las tareas de orientación son repetitivas y que existe un método de cómo realizarlas. T.E. págs. 28-29.

El testimonio del Sr. Walter Méndez Ortiz corroboró lo declarado por la señora Morales en cuanto a sus funciones en el área de radicación de querellas y las funciones adicionales que ésta realiza. T.E. págs. 32-33. Indicó que durante su ausencia, ella está autorizada a firmar algún tipo de documento, que ella hace la requisición de los materiales y el inventario, que antes lo sustituia en sus vacaciones. T.E. págs. 36-37. En el contrainterrogatorio se refirió a la OP-16 que firmó sobre las tareas de la señora Morales, declaró que es correcto que el 65% de su trabajo lo dedica a analizar, investigar y redactar querellas de los consumidores, que la función principal de ella es orientar al público. Opinó que en D.A.C.O. no hay rutina. T.E. págs. 38-39. Luego señaló que la señora Morales le consulta si tiene dudas, que la radicación de querellas es repetitiva, que sobre las tareas de la OP-16 no recibe instrucciones específicas, pues goza de plena libertad en sus funciones. T.E. págs. 40-43.

En definitiva, los testimonios sostienen que la función principal de la señora Morales, tal cual surge de la OP-16 que sometió para la evaluación de su puesto, ▇ consiste en analizar, investigar y redactar las querellas que presentan los consumidores, a lo que dedica 65% de su tiempo. En la OP-16, el restante tiempo lo distribuyó la señora Morales de la siguiente manera: analizar correspondencia, redactar cartas, trámites investigativos de querellas, referir éstas, llevar un registro y récord de consultas, rendir informes de su labor, preparar material, y otras tareas afines. Apéndice IV del recurso, expediente original de J.A.S.A.P.

En el listado de funciones posteriormente sometido en el proceso de apelación, la señora Morales incluyó nueve tareas, algunas especificando las de la OP-16 y otras ampliando éstas, de naturaleza administrativa. Apéndice X del recurso; expediente original de J.A.S.A.P. No hay indicación en el expediente, ni medió prueba testifical respecto al tiempo dedicado a estas labores.

De la prueba se colige que D.A.C.O. no erró al clasificar el puesto de la señora Morales como orientadora en asuntos del consumidor. Quedó establecido que el 65% de su tiempo lo dedica a las funciones propias de ese puesto, que éstas son repetitivas y que ejerce moderada iniciativa. El hecho de que ejerza, adicionalmente, funciones de naturaleza administrativa que su compañera de trabajo, cuyo puesto es de orientadora no las ejerza, que en ocasiones ejerza alguna iniciativa y que esté cualificada para el puesto de oficial administrativo I, no significa que esté en una clasificación errónea y que debe modificarse, por mediar una actuación ilegal o arbitraria de la agencia. La prueba demostró que la señora Morales no ejerce las funciones principales de la clasificación de oficial administrativo I.

Por tanto, J.A.S.A.P. erró al intervenir indebidamente con la prerrogativa gerencial de D.A.C.O. de determinar cuáles son los puestos necesarios para realizar su misión, las funciones y requisitos de los incumbentes, ▮ sin que se hubiese demostrado que cometió un error en la clasificación de la señora Morales. El reconocimiento de su supervisor de las tareas adicionales que desempeña, podría ser motivo de otras medidas de mejoramiento, pero no obligan a una clasificación diferente a la que ostenta, conforme sus funciones principales.

### III

En virtud de todo lo anterior, se revoca la resolución recurrida en cuanto ordenó a D.A.C.O. que reclasificara el puesto y ajustara el sueldo de la señora Morales como oficial administrativo.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 99 DTA 143**

1. Su supervisor inmediato, Sr. Walter C. Méndez Ortiz, certificó que la información de ese documento es cierta y exacta.

2. Véase sobre esta prerrogativa *Mercado Vega v. U.P.R.,* 128 D.P.R. 273, 285-286 (1991).